**United States District Court**
**District of Massachusetts**

| | |
|---|---|
| United States of America, | ) |
| | ) |
| v. | ) Criminal Action No. |
| | ) 15-10214-NMG |
| Daniel Fernandes Rojo Filho, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM & ORDER**

**GORTON, J.**

On August 5, 2015, defendant Daniel Fernandes Rojo Filho ("defendant" or "Filho") was indicted on three counts of wire fraud, in violation of 18 U.S.C. § 1343. Pending before the Court is defendant's competency to stand trial and the government's motion for an evidentiary hearing with respect to the necessity of involuntary medication.

In July, 2016, defendant's retained attorney, David Howard, filed a motion for a competency evaluation at the expense of the government. That motion was denied unless defendant submitted a financial affidavit demonstrating his indigence or filed an agreement with the government to share the cost of a proposed psychological evaluation by September 16. Filho submitted a financial affidavit on September 15.

Also on September 15, 2016, Filho filed a motion, pro se, to remove his retained counsel and substitute new appointed

counsel.  A week later, on September 22, 2016, this session held

a hearing on Filho's motion which the Court then allowed.

Subsequently, attorney Stephen G. Huggard, defendant's current

counsel, was appointed by the Court, pursuant to the Criminal

Justice Act of 1964, 18 U.S.C. § 3006A.

At a status conference held in October, 2016, the parties

agreed that a competency hearing should be held.  This Court

appointed Dr. Julia M. Reade, one of two agreed-upon examiners,

to conduct the evaluation.  Dr. Reade conducted an examination

and promptly submitted her report in which she concluded that

defendant suffered from delusional disorder and, as a result, he

could not 1) ably assist counsel in his defense or 2) make

rational decisions with respect to his case.  The government

responded with affidavits from Dr. Russell George Vasile, the

other agreed-upon evaluator, who questioned Dr. Reade's

conclusions.

Subsequently, in January, 2017, the government moved for a

second evaluation.  This Court allowed that motion and directed

that defendant be placed in the custody of the United States

Attorney General to undergo a second competency evaluation.

That evaluation was conducted by forensic psychologist Dr. Chad

Tillbrook.  Dr. Tillbrook, like Dr. Reade, concluded that Filho

suffers from delusional disorder which prevents him from making

rational decisions with respect to his case.  In light of that

-2-

report, the government moved for an evidentiary hearing to
determine whether defendant should be involuntarily medicated.

## I.   Defendant's Competency to Stand Trial

### A.   Legal Standard

A defendant may only be subjected to trial if 1) "he has a
sufficient present ability to consult with his lawyer with a
reasonable degree of rational understanding" and 2) "he has a
rational as well as factual understanding of the proceedings
against him." Dusky v. United States, 362 U.S. 402, 402 (1960)
(per curiam).

Such a determination is a "functional inquiry". United
States v. Widi, 684 F.3d 216, 220 (1st Cir. 2012).  The Court
can consider the opinions of the defendant, defendant's counsel
and the evaluating doctors, as well as its own observations of
the defendant. Id. at 220-21.

### B.   Application

The Court concludes that defendant is currently incompetent
to stand trial.  Two compelling facts support such a conclusion:

1) At the hearing, neither party objected to the
prospective finding that defendant is currently incompetent to
stand trial.

2) Both Drs. Reade and Tillbrook concluded that defendant
suffers from a delusional disorder and thus is incompetent to
stand trial at this time.

Drs. Reade and Tillbrook described Filho generally as intelligent and capable.  Once Filho began discussing his case, however, the doctors explained that Filho's delusions, namely, his beliefs about a coming apocalyptic event, the Vatican and Motu Proprio ("God's Golden Rule of Law") substantially interferes with his ability to appraise his legal situation and to work with counsel.

Dr. Russell George Vasile, a psychiatrist retained by the government, submitted an affidavit in which he questioned Dr. Reade's conclusions.  Dr. Vasile expressed concern that Dr. Reade did not conduct certain tests, such as the Structured Interview of Reporter Symptoms-Second Edition ("SIRS-2") which might have indicated that Filho was malingering.  The SIRS-2 test was conducted by Dr. Tillbrook, however, and he concluded that Filho was not malingering.  Another test administered by Dr. Tillbrook indicated that Filho attempted to feign competency.

Dr. Vasile also suggested that Dr. Reade's conclusion that Filho is unable to assist counsel was inconsistent with her observations.  In light of the fact that Dr. Vasile did not personally observe Filho, however, the Court declines to credit Dr. Vasile's conclusion.

With respect to the second Dusky element, both Drs. Reade and Tillbrook concluded that defendant has a factual

-4-

understanding of the proceedings against him but that alone is insufficient to support a finding that defendant is competent to stand trial. See Widi, 684 F.3d at 221 ("A defendant may have serious mental illness while still being able to understand the proceedings . . . .").

Finally, the Court credits the exhibits entered into evidence at the hearing to the extent that they were relied upon by Drs. Reade and Tillbrook to make their findings.

## II.   The Government's Motion for a Hearing With Respect to Involuntary Medication

The government asks the Court to schedule an evidentiary hearing to determine whether defendant be medicated involuntarily in attempt to restore his competency to stand trial.   In support of its motion for a hearing, the government maintains that it can prove, with clear and convincing evidence, each of the four elements for involuntary medication as provided in Sell v. United States, 539 U.S. 166 (2003).[1]

Defendant agrees with the government that an evidentiary hearing is necessary because he will oppose such medication. Accordingly, the Court will schedule such a hearing.

---

[1] The four factors are:  1) important government interests are at stake, 2) involuntary medication will significantly further those interests, 3) involuntary medication is necessary to further those interests and 4) the administration of the drugs is medically appropriate. Sell, 539 U.S. at 180-81.

The Court declines to address the merits of the government's <u>Sell</u> claim at this time as it would require an analysis of a proposed treatment plan and how it relates to Filho's specific condition. <u>United States</u> v. <u>Watson</u>, 793 F.3d 416, 424 (4th Cir. 2015); <u>see</u> <u>also</u> <u>United States</u> v. <u>Vigeant</u>, No. 11-MJ-06060, 2012 WL 3064410, at *7 (D. Mass. Apr. 18, 2012) (describing in detail the types of medications used and how they would be administered).  Although Drs. Reade and Tillbrook suggest in their reports that medication could be beneficial, the Court lacks specific information about the treatment that Filho would receive and how it would affect his condition. Therefore, to the extent the government has moved for involuntary medication, the Court will deny the motion without prejudice.

**ORDER**

For the forgoing reasons, the Court concludes that defendant Daniel Fernandes Rojo Filho presently suffers from a mental disease or defect (delusional disorder) that renders him unable to assist properly in his defense due to his mental incompetence.

-6-

Therefore, the government's motion (Docket No. 119) is, insofar as it requests an evidentiary hearing to determine whether defendant is to be involuntarily medicated, **ALLOWED**, but is otherwise **DENIED** without prejudice.

In accordance with 18 U.S.C. § 4241(d), defendant shall be placed in the custody of the Attorney General for a reasonable period not to exceed one hundred twenty (120) days.  The Court recommends that defendant be placed in the Federal Medical Center, Devens in Ayer, Massachusetts.  The government is directed to provide the Court with a report as to whether the defendant has been restored to competency.

An evidentiary hearing will be held on Wednesday, April 26, 2017 at 11:00 A.M.  The government shall file a motion to exclude all time, pursuant to 18 U.S.C. 3161(h)(4), until the appointed date of the hearing.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated March 28, 2017